UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-603-T-23AEP
    8:13-cv-111-T-23AEP

LUIS CALDERON BERMELLO
_____/

**O R D E R**

Bermello's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel, for which offense he was sentenced to 135 months. Although timely, the motion to vacate lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978)

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Bermello asserts entitlement, under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), to vacating his conviction for lack of subject matter jurisdiction. *Hurtado* is factually distinguishable. Bermello was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejected the argument that the "Offences Clause" supports the MDLEA. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Bermello because he was not in a country's territorial water when his vessel was seized.

In his plea agreement (Doc. 72 in 8:11-cr-603-T-23AEP), Bermello admits that his vessel was in international water when he was taken into custody.

> On or about November 16, 2011, the defendant, Luis Calderon Bermello, along with eight co-defendants, was aboard a fishing boat, Santidad y Poder, operating in international waters off the coast of Guatemala. Subsequently, the boat was interdicted by a United States Navy vessel with support from the United States Coast Guard (USCG). The government of Guatemala confirmed nationality of the vessel and granted permission for the boarding team from the USCG to stop, board, and search the Santidad y Poder.
>
> Prior to being interdicted, the crew attempted to jettison its load, but 9.5 bales of suspected cocaine were recovered, weighing approximately 475 kilos. Testing later verified that the substance contained in the bales was in fact cocaine, a Schedule II controlled substance. The packaging of the bales was typical of narcotics packaged for at-sea transport and later distribution. Other members of the crew jettisoned the load, not the Defendant.

The pre-sentence report reveals further details about the location of the vessel when it was seized.

> On November 16, 2011, while on routine patrol in the Eastern Pacific Ocean, the USS Ingraham and having embarked with the United States Coast Guard, Law Enforcement Detachment Team (LEDET) sighted the fishing vessel Santidad y Poder, approximately 300 nautical miles southwest of Puerto Quetzal, Guatemala. The helicopter and Rigid Hull Inflatable Boat (RHIB) were launched to

>intercept the fishing vessel. As the helo and RHIB approached, the Santidad y Poder fishing vessel was observed jettisoning eleven packages overboard. The RHIB recovered 9.5 bales of the jettisoned packages which totaled 475 kilograms of cocaine.

Bermello's counsel responded "there is not" when asked if "there is an objection to the factual content of the pre-sentence report." (Doc. 200 at 4, 8:11-cr-603-T-23AEP). Bermello's reported location, 300 miles southwest of Puerto Quetzal, Guatemala, places the vessel unquestionably in international water in the Pacific Ocean and hundreds of miles from land.[2] Because Bermello was not within a country's territorial water, *Hurtado* is inapplicable.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bermello is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA,

---

[2] Bermello's supporting memorandum admits that the vessel was in international water but also contends that it was in the territorial water of Guatemala. Apparently the basis for this allegation is that the Coast Guard requested permission from the Guatemalan government to board the vessel and that the Guatemalan government waived its right to exercise jurisdiction over both the vessel and its cargo. The Guatemalan government was involved because the vessel was registered as a Guatemalan fishing vessel, not because the vessel was within the territorial water of Guatemala.

Bermello must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Bermello seeks relief under an inapplicable case, Bermello cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Bermello is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Bermello must pay the full $455 appellate filing fee without installments unless the circuit court allows Bermello to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on January 17, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE